### HAGAN v. McADOO et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

INJUNCTION—SUBJECTS OF RELIEF—CONTINUING TRESPASS.

> Police officers will be enjoined from repeatedly entering the place of business of a dealer in notions, and stating to customers their suspicion that the place was a pool room, and turning customers from the entrance.

Appeal from Special Term, Kings County.

Action by Thomas A. Hagan against William McAdoo and others. From an order denying a motion to continue a preliminary injunction pendente lite, restraining the defendants from a continuous trespass upon his place of business, plaintiff appeals. Reversed, and motion for injunction granted, except as to defendant McAdoo.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Maurice Meyer (Arthur C. Kahn, on the brief), for appellant.

James D. Bell (James W. Covert, on the brief), for respondents.

GAYNOR, J. The material facts in this case are not in dispute. The plaintiff is engaged in business in Manhattan borough as a dealer in notions. He occupies the second floor as lessee and there is a liquor saloon on the first. The complaint alleges a continuous malicious and oppressive trespass by the defendants, who are the police commissioner and two police captains of the city of New York, upon his said premises, and interruption of his said business, and irreparable damage

therefrom, for which an action for damages would not be an adequate remedy. From day to day for about five weeks prior to the commencement of this action policemen visited the premises of the plaintiff, entered it against his objection, loitered there, searched it, and frequently said in the presence and hearing of customers there purchasing goods that they suspected the place was a pool room. They had no warrant and made no arrest. Customers left the premises because of such police interference, and the plaintiff's business steadily fell off. The policemen also often stood on the stairway and turned back customers going to the plaintiff's place. These things were done under the orders of the two police captains who are defendants, and they refused to stop them on the demand of the plaintiff. Their affidavits deny that the plaintiff made this demand, or that they caused their policemen to do the things alleged, "except to see that the law was not violated." They say that they suspected the plaintiff's place was a "pool room," but furnish no evidence whatever of that fact, not even a scintilla. They do not say what they mean by a pool room, but seem to mean a place where memorandum bets are made on races, and the like, which is not a pool room at all. The policemen make affidavit that they visited and inspected the plaintiff's place. They do not deny the continuous entrances, or any of the specific things alleged, but only in general terms that they did anything to interfere with the plaintiff's business, which is nothing but their conclusion. They make no claim that they saw anything illegal in the plaintiff's place, or that they have any evidence of any wrongdoing there.

A preliminary injunction with an order to show cause was granted, following the settled practice in the First and Second judicial departments, but on the return day the injunction was vacated, and the motion denied—the decision of the Court of Appeals in Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, having been rendered meanwhile.

If private persons were committing these trespasses, an injunction would be issued as matter of course during the pendency of the action to stop them, instead of leaving the plaintiff to be ruined by them before the action could be tried. There is a distinct head of equity for the protection of persons against continuous trespasses. Does it make a difference that the unlawful trespassers are police officials? May they unlawfully destroy a man's house or property, while courts of equity look on and say they have no jurisdiction or power to stop them? I know of no such difference, and none is stated in any judicial decision or text-book, unless in the very recent case of Delaney v. Flood. The trite rule that a court of equity will not interpose to prevent arrests, or the administration of the criminal law, is, as it has always been, undisputed by bench or bar. But it has no application to a case like this. No arrests were made or attempted, nor were the defendants engaged in any way in the administration or enforcement of the criminal law. The ways, methods, and procedure for the administration and enforcement of the criminal law are carefully prescribed and limited by law, and when the police go outside of them, and violate the rights of property, person, or house of the individual, they are not engaged in administering and enforcing the criminal law, but are common trespassers and lawbreakers. If the civil courts will not

prevent such trespassers, then the police are let loose on the community to commit extortion right and left, a condition only too well known among us in the recent past as attested by the public records of the state. I do not understand Delaney v. Flood as conferring such unrestrained power or such immunity on constables and policemen. It would be altogether too much to believe that the Court of Appeals meant to do so. We are not bound to understand that every word or sentence in a judicial opinion is to be taken as law. The suggestion pressed upon us that a plaintiff who comes into a court of equity to seek to save his property and business from destruction by continuous criminal trespass may be dismissed thence on the ground that a criminal prosecution or conviction of the trespassers will give him adequate redress for the loss of his property and the destruction of his business meanwhile has no foundation in principle or in any actual decision. Only the state, the community at large, gets redress by a criminal prosecution. That a thief or trespasser may be arrested or convicted does not restore the property he has stolen or destroyed.

The case of Davis v. American Society, etc., 75 N. Y. 362, has no application whatever to the present case. There arrests were made and others threatened, and the decision merely followed the well-known and well-founded rule, that a court of equity will not prevent arrests, but leave the arrested person to defend himself in the criminal court. The foundation and reasons for that rule are so obvious that no one can mistake its boundary lines.

Since the decision in Delaney v. Flood was rendered, the Appellate Division in the First Judicial Department has held that it has no application to cases where the police are not engaged in the enforcement of the criminal law but have gone outside the law and procedure therefor and become common trespassers, and allowed injunctions pending the actions in cases the very same as this. Burns v. McAdoo (Sup.) 99 N. Y. Supp. 51; McGorie v. McAdoo (Sup.) 99 N. Y. Supp. 47. For the sake of uniformity in the city of New York, if for no other reason, this court should follow these decisions. It may not be easy to see at once the difference in principle between this case and the one where the police stand at the doors of a hotel crying out that they are about to raid it, and that any one who goes in will be caught in the raid and locked up, when in fact they have no evidence of any criminal offense whatever in or about the hotel, or by its proprietor or any person in it, and intend to make no arrests whatever, and have no warrants therefor or to search the hotel; but there is a difference in this, that the police may to the extent allowed by statute visit a room or place where liquors are sold under a license, and inspect the license, and the decision in Delaney v. Flood is put upon this difference, and is obviously to be limited to cases of licensed liquor selling places, which the present case is not. Nor do I understand that case to decide that the police may not be restrained by injunction from committing unlawful trespasses on licensed hotels. The police are no more to be permitted to destroy a hotel business by unlawful trespass and force than any other business. All that is held in Delaney v. Flood is that they will not be restrained while engaged in the administration of the criminal law. This court (Hale v. Burns, 101 App. Div.

101, 91 N. Y. Supp. 929), the Appellate Division in the First Judicial Department, and our justices at Special Term in both departments, having held that police trespasses like those in this case may be restrained by a court of equity, we should not decide otherwise until some controlling decision precisely in point requires us to do so.

The order should be reversed and the motion for an injunction granted, except as to the defendant McAdoo, who is no longer in office.

Order vacating injunction reversed, with $10 costs and disbursements, and temporary injunction restored and continued. All concur.

